# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 23-1051V

| | | |
|---|---|---|
| SONIA BORGELT, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: July 9, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Isaiah Kalinowski*, Bosson Legal Group, Fairfax, VA, for Petitioner.

*Rachelle Bishop*, U.S. Department of Justice, Washington, DC, Respondent.

**DECISION GRANTING IN PART MOTION FOR INTERIM
AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On July 10, 2023, Sonia Borgelt filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that her receipt of an influenza vaccine on September 10, 2020, caused her to suffer a "neurologic injury," or alternatively, significantly aggravated a "neurologic condition."[3] A one-day Entitlement Hearing was held in Washington, D.C., on May 19, 2025, and the matter is still pending resolution.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[3] In her Declaration, Petitioner asserts that she suffers from chronic inflammatory demyelinating polyneuropathy ("CIDP") "and/or" Guillain-Barré syndrome ("GBS"). *See* Ex. 21 at 1.

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated June 16, 2025 (ECF No. 30) ("Interim Fees Mot."). It is the first fees request in this case. Petitioner requests fees and costs relating to the work performed by present counsel (Isaiah Kalinowski of Bosson Legal Group ("BLG")), plus fees relating to the work performed by her previous law firm, Knutson + Casey, prior to the filing of the Petition. Interim Fees Mot. at 2. Petitioner requests a total of $112,155.07—reflecting $107,555.07 for BLG ($85,744.70 in attorney's fees, plus $21,810.37 in costs) from February 2022 through June 2025, and $4,600.00 for Knutson + Casey in attorney's fees. *Id.*

Respondent reacted to the interim fees request on June 24, 2025. *See* Response, dated June 24, 2025 (ECF No. 32). Respondent defers to my discretion as to whether the statutory requirements for an interim award of attorney's fees and costs are met in this case, and if so, the calculation of the amount to be awarded.[4] *Id.* at 2. Petitioner filed a reply maintaining her position and requesting that she be awarded the requested fees and costs as indicated. Reply, dated July 1, 2025 (ECF No. 33).

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount **$105,755.07**.

## ANALYSIS

### I.  Petitioner's Claim has Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See e.g., Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[5] is demonstrated through some objective evidentiary showing.

---

[4] Respondent does, however, raise three issues for my consideration in deciding fees herein. Response at 2. First, Respondent pointed out a minor error in the body of Petitioner's Motion, in which mistakenly referenced a different expert when discussing Dr. Nadareishvili's expert fees. *Id.* Second, he questions the reasonableness of the time spent by Petitioner's counsel in arguing that her *Althen* Prong One showing need only be demonstrated by plausible, rather than preponderant, evidence. *Id.* at 3. Lastly, Respondent questions Dr. Nadareishvili's increased 2024–25 expert rate—noting that the Program "should reserve the highest rates for the most qualified experts opining on the most complex medical issues." *Id.* at 4.

[5] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

*Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[6]

Also, relevant herein are the standards governing interim awards—meaning fees awards issued while a case is still pending. *See generally Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Interim fees requests are subject to the reasonable basis analysis, for the simple reason that they occur in cases in which the matter has not yet been decided – making the case *literally* unsuccessful, at least at the time of the fees request.

There is no presumption of entitlement to interim awards, but special masters may in their discretion permit such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject

---

[6] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

to the same standards governing fees. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. However, there must be *some* showing that a petitioner's circumstances render an interim award just. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) whether the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; and/or 3) whether the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

I find that Petitioner has made a sufficient showing of reasonable basis to justify an interim fees award. While the ultimate resolution of causation remains to be determined, Petitioner has put forward enough objective support for the claim. In addition, the other indicia I consider significant in resolving interim award requests have been met. This matter has been pending for more than five years, many expert reports have been filed, the requested fees are substantial, and I generally find it appropriate to request an interim award after a hearing is held. And no other circumstances exist that make an interim award inappropriate.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for both law firms' time, based on the years work was performed:

|  | **2022** | **2023** | **2024** | **2025** |
|---|---|---|---|---|
| **Knutson + Casey** | $140.00 | -- | -- | -- |
| **Audrey Keister (BLG)** | -- | $165.00 | $175.00 |  |
| **Christine Coleiro (BLG)** | -- | -- | $187.00 | $195.00 |
| **Hans Liu (BLG)** | -- | -- | -- | $195.00 |
| **Isaiah Kalinowski (BLG)** | -- | $445.00 | $480.00 | $504.00 |

ECF No. 31-1 at 1–12; ECF No. 31-2 at 1–2.

The attorneys and paralegals at Knutson + Casey have been recognized to practice in forum, thus entitling them to commensurate rates established in *McCulloch*. *See Golding v. Sec'y of Health & Hum. Servs.*, No. 16-1132V, 2019 WL 3753273, at *2 (Fed. Cl. Spec. Mstr. July 18, 2019). The requested paralegal rate is consistent with what has previously been awarded and in accordance with the Office of Specials Masters' fee schedule.[7] *Lien v. Sec'y of Health & Hum. Servs.*, No. 21-2006V, 2025 WL 1638342 (Fed. Cl. Spec. Mstr. May 13, 2025). Accordingly, I find no cause to reduce them in this instance, and the time devoted to the matter is deemed reasonable.

Mr. Kalinowski practices in the Washington, D.C., metropolitan area—a region that has been deemed "in forum," making him entitled to commensurate rates established in *McCulloch*. *See Brock v. Sec'y of Health & Hum. Servs.*, No. 18-399V, 2020 WL 18115766, at *2 (Fed. Cl. Spec. Mstr. Mar. 10, 2020). The rates requested for Mr. Kalinowski and his colleagues (including newly 2025 rates) are also consistent with what has previously been awarded based on the attorneys' work and experience in the Program and are otherwise in accordance with the Office of Special Masters' fee schedule. *Stacy v. Sec'y of Health & Hum. Servs.*, No. 17-1691V, 2024 WL 2273766 (Fed. Cl. Spec. Mstr. Apr. 23, 2024). Again, I find no cause to reduce them in this instance, the time devoted to the matter is reasonable, and I will therefore award it without adjustment.[8]

---

[7] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited July 9, 2025).

[8] This includes legal arguments about the proper legal standard applicable in Program cases (preponderance versus plausible). Although Petitioner's contentions may be wholly unpersuasive on this point, I do not find that it is (at least at the present time) unreasonable to attempt to so contend—although counsel should take care not to continue to "beat this drum" in future matters, given the extent to which the Federal Circuit has rejected this construction of a petitioner's burden.

### III.  Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $21,810.37 in outstanding costs, including the filing fee, medical record retrieval costs, PACER costs, trial associated costs, and costs associated with the work a single expert, Dr. Zurab Nadareishvili. ECF No. 31-1 at 12–13. Dr. Nadareishvili prepared two written reports in this matter and testified on behalf of Petitioner. He submitted invoices for a total of $19,200.00 (at an hourly rate of $600.00 for 32 hours of work). *Id.* at 32, 33, 44. It appears, however, that Dr. Nadareishvili's hourly rate of $600.00 is inconsistent with what has previously been awarded in recent matters. *See Conte v. Sec'y of Health & Hum. Servs.*, No. 17-403V, 2021 LW 1120983, at *2 (Fed. Cl. Spec. Mstr. Feb. 19, 2021) (awarding hourly rate of $400.00); *Godfrey v. Sec'y of Health & Hum. Servs.*, No. 17-1419V, 2023 WL 5666162, at *7 (Fed. Cl. Spec. Mstr. Aug. 15, 2023) (same); *Hoffman v. Sec'y of Health & Hum. Servs.*, No. 19-111V, 2024 WL 4442045 (Fed. Cl. Spec. Mstr. Sept. 16, 2024) (awarding $400.00 per hour based on Dr. Nadareishvili's experience).

I am not averse as a general matter to increasing the hourly rate to be paid to an expert, as the individual progresses in his Program participation. And I would specifically be prepared at some time in the future to pay this specific expert a higher rate. But I find no reason to deviate from prior reasoned determinations about Dr. Nadareishvili's proper rate *at the present time*, and hereby reduce the rate requested herein to be consistent with the aforementioned decisions. This results in a reduction of expert fee to be awarded of **$6,400.00**.[9]

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT IN PART** Petitioner's Motion for an Interim Award of Attorneys' Fees and Costs. I award a total of **$105,155.07**, reflecting (a) $101,155.07 in

---

[9] This amount consists of ($600.00 x 32 hrs. = $19,200.00) – ($400.00 x 32 hrs. = $12,800.00) = $6,400.00.

6

attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record, BLG's IOLTA account for prompt disbursement; and (b) $4,600.00 in attorney's fees, to be paid through an ACH deposit to Petitioner's former counsel, Knutson + Casey's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[10]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.